UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
_____

| | |
|---|---|
| GAMAAL ROBINSON )<br>12040 Little Patuxent Parkway )<br>Apartment 5 )<br>Howard County, Columbia, MD 21044 )<br> )<br>AND )<br> )<br>SEAN REYNOLDS )<br>10534 East Wind Way )<br>Howard County, Columbia. MD 21044 )<br> )<br>AND )<br> )<br> LAWRENCE SILVER )<br>9828 Snow Bird Lane )<br>Howard County, Laurel MD 20723 )<br> )<br>      On behalf of themselves and all )<br>      Others similarly situated, )<br> )<br>      Plaintiffs, )<br> )<br>      *-against-* )<br> )<br>EMPIRE EQUITY GROUP, INC. )<br>4720 Piedmont Row Drive )<br>Suite 200 )<br>Charlotte, NC 28210 )<br> )<br>AND )<br> )<br>1ST METROPOLITAN MORTGAGE, )<br>4720 Piedmont Row Drive )<br>Suite 200 )<br>Charlotte, NC 28210 )<br> )<br>      Defendants. )<br>_____) | Civil Action No. _____<br><br>COMPLAINT |

Plaintiffs, by their undersigned attorneys, as and for their complaint, allege as

follows:

## NATURE OF ACTION

1.     This civil action is brought by the above-named individual plaintiffs who seek redress on behalf of themselves and all others similarly situated for the Defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* as well as Maryland state wage payment laws.  This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act, and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2.     Plaintiffs Robinson and Reynolds were employed by Defendants as loan officers with the responsibility of originating mortgage loans for private individuals. Plaintiffs Robinson and Reynolds were not paid for all hours worked, and were not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Laws.

3      Plaintiff Silver was employed by Defendants as a Loan Officer and Operations Manager.  Plaintiff Silver was unilaterally and without notice subjected to reductions of pay and/or simply not paid for work performed by him for Defendants' benefit, and with Defendants' knowledge.  Plaintiffs are specifically aware that Defendants repeatedly failed in whole and/or part to compensate employees for work they had performed for Defendants' benefit and with Defendants' knowledge.  Defendants had a pattern and practice of unilaterally ceasing and/or reducing compensation without notice and failing to pay all wages due and owing, while guaranteeing employees such compensation.

## JURISDICTION AND VENUE

4.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising

2

under Acts of Congress regulating commerce, and 28 U.S.C. § 1367.  The Court has

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a)

because these claims are so related to the FLSA claims that they form part of the same

case or controversy.

5.       Venue is proper in the District of Maryland pursuant to 28 U.S.C. §

1391(b) and (c).

PARTIES

6.       Plaintiff Gamaal Robinson ("Robinson") is an individual residing in the

City of Columbia, County of Howard, and State of Maryland, who was employed by

Defendants.

7.       Plaintiff Sean Reynolds ("Reynolds"), is an individual residing in the City

of Columbia, County of Howard, and State of Maryland, who was employed by

Defendants.

8.       Plaintiff Lawrence Silver is an individual residing in the City of Columbia,

County of Howard, and State of Maryland, who was employed by Defendants.

9.       The similarly situated individuals whom Plaintiffs seek to represent

comprise a class of employees to whom Defendants knowingly and willfully failed to pay

their wages in accordance with applicable federal and state laws.  This Class is broken

into 3 subclasses.  Subclass I comprises all loan officers of Defendants employed

throughout the United States who were employed at any time within three years prior to

the commencement of this action, and who did not receive minimum wage, as defined by

the FLSA, for each hour worked and/or did not receive overtime pay, as defined by the

FLSA, for each hour worked in excess of forty hours in any workweek.  Subclass II

comprises all loan officers of Defendants employed in Maryland, who were employed at any time within three years prior to the commencement of this action, and who did not receive minimum wage and/or overtime as required by the Maryland Wage and Hour Laws. Subclass III is comprised of all loan officers who were subjected to and victimized by Defendants' pattern and practice of unilaterally and without notice reducing or ceasing compensation for work already performed for Defendants' benefit in violation of Maryland Wage and Hour Laws.

10.     Upon information and belief, at all times hereinafter mentioned, the defendant Empire Equity Group, Inc., was and still is a corporation incorporated in New Jersey with an office located at 25 Phillips Parkway, Montvale, NJ 07645 and who regularly does business in the State of Maryland. Empire Equity Group, Inc's resident agent in Maryland is The Corporation Trust Incorporated, 300 E. Lombard St., Baltimore, MD 21202.

11.     Upon information and belief, at all times hereinafter mentioned, the defendant 1st Metropolitan Mortgage was and still is a domestic corporation existing under the laws of the State of North Carolina, who regularly does business in the State of Maryland and who is a wholly owned subsidiary of Empire Equity Group, Inc. with its principal office located at 4720 Piedmont Row Drive, Suite 200, Charlotte, NC 28210.

<u>NATURE OF ACTION</u>

12.     This lawsuit arises out of Defendants' consistent practice of knowingly and willfully refusing to pay employees minimum wage for all hours worked; for denying employees overtime pay for all hours worked in excess of forty hours each workweek; and for unilaterally ceasing to compensate or reducing the compensation of employees

4

without notice, for work already performed for Defendants' benefit, and failure to pay guaranteed wages.

13.     Pursuant to the FLSA, Plaintiffs in Subclass I allege that they and those similarly situated are (i) entitled to unpaid overtime wages from Defendants for their work performed in excess of forty hours each workweek; (ii) entitled to minimum wage for all hours worked each workweek but not properly compensated; (iii) entitled to liquidated damages; and (iv) entitled to have all costs of this action, including legal fees, paid by Defendants.

14.     Pursuant to the Maryland Wage Hour Laws, Plaintiffs in Subclass II allege that they and those similarly situated are (i) entitled to unpaid overtime wages from Defendants for their work performed in excess of forty hours each workweek; (ii) entitled to minimum wage for all hours worked each workweek; (iii) entitled to treble damages; and (iv) entitled to have all costs of this action, including legal fees, paid by Defendants.

15.     Pursuant to the Maryland Wage Payment Laws, Plaintiffs in Subclass III allege that Defendants engaged in a pattern and practice of unilaterally ceasing or reducing employees' compensation without notice although such work was already performed by said employees for Defendants' benefit, with Defendants' knowledge and not paying employees guaranteed wages.  Plaintiffs allege they are entitled to all wages to which they are owed for work knowingly performed for Defendants' benefit, as well as treble damages and attorneys' fees.

## GENERAL ALLEGATIONS

16.     At all times relevant, Robinson was a non-exempt employee of Defendants, as defined in the FLSA.

17.     At all times relevant, Reynolds was a non-exempt employee of Defendants, as defined in the FLSA.

18.     At all times Relevant, Silver worked under the title of loan officer and/or Operations Manager.

19.     At all times relevant, Empire Equity Group, Inc. was an employer, as defined in the FLSA.

20.     At all times relevant, 1st Metropolitan Mortgage was a wholly owned subsidiary of Empire Equity Group, Inc. and an employer, as defined in the FLSA.

21.     At all times relevant, Daniel H. Jacobs was an employer, as defined in the FLSA.  Jacobs has been an owner of 1st Metropolitan Mortgage, and exercised operational control over 1st Metropolitan Mortgage, devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Complaint. As such, at all relevant times, Jacobs has been an employer under the FLSA and the Maryland Wage and Hour Law.

22.     At all times relevant, Ezra Beyman was an employer, as defined in the FLSA.  Beyman has been an owner of 1st Metropolitan Mortgage, and exercised operational control over 1st Metropolitan Mortgage, devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Complaint.  As such, at all relevant times, Beyman has been an employer under the FLSA and the Maryland Wage and Hour Law.

23.     Defendants are engaged in the business of making mortgages as a direct lender and its business was engaged in interstate commerce as that term is used in the FLSA.

6

24. Upon information and belief, and at all times relevant, Daniel H. Jacobs and Ezra Beyman, respectively the Chief Executive Officer and President of 1st Metropolitan Mortgage, controlled the day to business activities of Defendant 1st Metropolitan Mortgage, including controlling payroll, pay structures, and commission payments.

25. During Robinson's and Reynolds' employment with Defendants, they were employed as loan officers, with the primary duty of selling loans from Defendants' offices.

26. During Silver's employment with Defendants, he worked both as a loan officer and Operations Manager.

27. At all times relevant, Plaintiffs, in their capacity as employees of Defendants, were engaged in interstate commerce.

28. Plaintiffs, and all persons similarly situated to Plaintiffs were, during the course of their employment with Defendants, engaged in interstate commerce.

29. Defendants employed Plaintiff Robinson from on or about February of 2006 until February 4, 2008.

30. Defendants employed Plaintiff Reynolds from on or about June of 2005 until on or about December of 2007.

31. Defendants employed Plaintiff Silver from on or about February of 2004 until February 2008.

32. During the course of Plaintiffs' employment with Defendants, Plaintiffs routinely worked in excess of forty hours per week, yet were not paid overtime for hours worked in excess of 40 hours a week.

33.     Defendants also failed to pay Plaintiffs Robinson and Reynolds at least the minimum wage for all hours worked.

COLLECTIVE ACTION ALLEGATIONS OF THE<br>FLSA CLASS OF LOAN OFFICERS

34.     Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

35.     Plaintiffs seek to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons: All persons who worked for one or more of the Defendants as loan officers at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

36.     Plaintiffs Robinson and Reynolds and other members of the FLSA Class are similarly situated because, *inter alia,* they have all had similar duties; performed similar tasks; been entitled under the FLSA to be paid minimum wages and overtime wages unless properly exempted thereunder; been subjected to similar pay plans; been required to work and have worked in excess of 40 hours per week; been required to work without payment of minimum wages, and have not been paid at a rate of 1.5 times their respective regular rates of pay for all overtime hours worked.

37. Defendants have encouraged, permitted, and required Plaintiffs Robinson and Reynolds and other members of the FLSA Class to work more 40 hours per week without overtime compensation and without minimum wage.

38.     Defendants have known that Plaintiffs Robinson and Reynolds and other members of the FLSA Class have performed work that has required minimum wage and overtime compensation.  Nonetheless, Defendants have operated under a scheme to

8

deprive Plaintiffs and other members of the FLSA Class of overtime compensation and minimum wage by failing to properly compensate them for all time worked.

39.     Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I

### FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

40.     Plaintiffs allege and incorporate by reference all the above allegations.

41.     Under the FLSA, Plaintiffs Robinson, Silver and Reynolds were entitled to be paid at least the minimum wage by Defendants for each hour worked.

42.     Defendants did not pay Plaintiffs Robinson, Silver and Reynolds the minimum wage for each hour worked.

43.     Defendants, by failing to pay Plaintiffs Robinson, Silver and Reynolds the minimum wage for each hour worked, violated the FLSA.

44.     Defendants' violation of the FLSA for failure to pay the minimum wage was willful.

45.     Upon information and belief, Defendants' practice of not paying the minimum wage was not approved in writing by the United States Department of Labor.

46.     Upon information and belief, Defendants' practices of not paying the minimum wage was not based upon Defendants' review of any policy or publication of the United States Department of Labor.

47.     Due to Defendants' violation of the FLSA, the Plaintiffs Robinson, Silver, and Reynolds are entitled to recover from Defendants their unpaid compensation,

liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

48.     All those current or former employees of Defendants, similarly situated to Plaintiffs Silver, Robinson and Reynolds, are entitled to the same relief that Plaintiffs seek under the FLSA.

**COUNT II**

<u>FAILURE TO PAY OVERTIME UNDER THE FLSA</u>

49.     Plaintiffs allege and incorporate by reference all the above allegations.

50.     Under the FLSA, Plaintiffs Robinson and Reynolds were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of forty hours each workweek.

51.     Defendants did not pay Plaintiffs Robinson and Reynolds at the overtime rate for each hour worked in excess of forty hours each workweek.

52.     Defendants, by failing to pay Plaintiffs Robinson and Reynolds at the overtime rate for each hour worked in excess of forty hours each workweek, violated the FLSA.

53.     Defendants' violation of the FLSA for failure to pay its employees at the overtime rate for each hour worked in excess of forty each workweek was willful.

54.     Upon information and belief, Defendants' practice of not paying overtime wages was not approved in writing by the United States Department of Labor.

55.     Upon information and belief, Defendants' practices of not paying overtime was not based upon Defendants' review of any policy or publication of the United States Department of Labor.

56.     Due to Defendants' violation of the FLSA, Plaintiffs Robinson and Reynolds are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

57.     All those current or former employees of Defendants similarly situated to Plaintiffs Robinson and Reynolds are entitled to the same relief that Plaintiffs Robinson and Reynolds seek under the FLSA.

STATE-WIDE CLASS ALLEGATIONS
PURSUANT TO MARYLAND WAGE AND HOUR AND
WAGE PAYMENT LAWS

58.     Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and on behalf of all other members of the FLSA Class who, during the relevant statute of limitations period, have worked for one or more of the Defendants in Maryland and who have been aggrieved, with respect to the claims plead in Counts III and IV and V of this Complaint.

62. Fed. R. Civ. P.23(b)(3) provides that a cause of action may be maintained as a class action if:

a) The class is so numerous that joinder of all members whether otherwise required or permitted, is impracticable;

b) There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c) The claims or defenses of the representative parties are typical of the claims or defenses to the class;

d) The representative parties will fairly and adequately protect the interests of the class; and,

e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Class Definitions

59.     Plaintiffs seek certification of a class (Subclass II) consisting of: All persons who have worked as loan officers, at any of the Defendants' offices located within the State of Maryland, at any time during the statutory period and who have not been paid overtime for all hours worked over 40 hours in a week and/or paid at least the minimum wage for each hour worked for Defendants.

60.     Plaintiffs seek certification of a class (Subclass III) consisting of: All employees at any of the Defendants' offices located within the State of Maryland, who were unilaterally and without notice subjected to Defendants' practice of reducing or completely failing to pay employees compensation for work already performed for Defendants.

**Numerosity**

61.     Plaintiffs satisfy the numerosity requirements as the proposed classes consist of hundreds of class members. The proposed classes can be identified and located using Defendants' payroll and personnel records. Therefore, the classes are so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

**Common Questions of Fact or Law**

62.     There are questions of fact and law common to each class that predominate over any questions affecting only individual members. The questions of law and fact common to Subclass II arising from Defendants' actions include, without limitation, the following:

a) Whether the class members have qualified for exempt status;

b) Whether loan officers share similar job duties;

c) Whether Defendants paid loan officers overtime;

d) Whether Defendants paid loan officers minimum wage;

e)  Whether Defendants failed to pay Plaintiffs and class members all compensation due to them;

f) Whether Plaintiffs regularly worked in excess of 40 hours per week;.

g) Whether Defendants kept accurate records of actual loan officer time worked;

h) Whether Defendants' practices violated the overtime and minimum wage provisions of the Maryland Wage ad Hour Laws;

i) Whether Defendants' failure to pay overtime has been willful

63.     The questions set forth above predominate over any questions affecting only individual persons and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

64.     The questions of law and fact common to Subclass III arising from Defendants' actions include, without limitation, the following:

a) Whether the class members were employed by Defendants;

b) Whether Defendants engaged in a pattern or practice of unilaterally and without notice ceasing or reducing compensation to employees for work that was performed for Defendants.

c) Whether Plaintiffs were subjected to and injured by such policies;

d) Whether Defendants' practices violated Maryland Wage Payment Statutes;

e) Whether Defendants failed to pay Plaintiffs and class members all compensation due to them;

f) Whether Defendants' practices were willful

65.     The questions set forth above predominate over any questions affecting only individual persons and a class action is superior with respect to consideration of consistency, economy. efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

66.     Plaintiffs' claims are typical of the claims of the class members. Named Plaintiffs suffered similar injuries as those suffered by other members of the respective classes they seek to represent as a result of Defendants' illegal activities as described herein.

### Adequacy

67.     Plaintiffs are adequate representatives of the classes they seek to represent because they are members of such classes, and their interests do not conflict with the interests of the members of the classes they seek to represent.  The interests of the class members will be fairly and adequately protected by Plaintiffs and their designated counsel.  Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

68.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Moreover, as the damages suffered by each class member may be relatively

small, the expense and burden of individual litigation would make it difficult for

Plaintiffs to bring individual claims.  The presentation of separate actions by individual

class members could create a risk of inconsistent and varying adjudications, establish

incompatible standards of conduct for Defendants and/or substantia1ly impair, or impede

the ability of class members to protect their interests.

## COUNT III
### VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
### FAILURE TO PAYMINIMUM WAGE

69.     Plaintiffs repeat and re-allege all the allegations set forth in each of the

paragraphs above.

70.     At all times relevant to this action, Plaintiffs Silver, Robinson and

Reynolds were employed by Defendants within the meaning of the Maryland Wage Hour

Laws.

71.     Defendants willfully failed to pay members of Subclass II the applicable

minimum hourly wage, in violation of the Maryland Law.  As a result of Defendants'

unlawful practices, Plaintiffs Robinson and Reynolds and all those similarly situated

suffered a loss of wages.

## COUNT IV
### VIOLATION OF THE MARYLAND WAGE HOUR LAWS
### FAILURE TO PAY OVERTIME

72.     Plaintiffs repeat and re-allege the allegations set forth in each of the

paragraphs above.

73.     Maryland law provides that unless exempt, an employee must be paid

overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in

excess of 40 per week.

15

74.     By the above-alleged conduct, Defendants failed to pay members of Subclass II overtime compensation as required by the Maryland law.

75.     Plaintiffs Robinson and Reynolds and the other members of Subclass II were not exempt from the overtime provisions of the Maryland wage hour laws because they were performing the function of inside sales, were not engaged in matters of independent judgment and discretion, and were not engaged in supervisory functions, and/or have not otherwise met the requirements for any exemptions. Moreover, upon information and belief, loan officers were and are subject to pay deductions by Defendants that defeat any claim to exemption.

76.     Plaintiffs Robinson and Reynolds and the other members of Subclass II are victims of a uniform company-wide compensation policy. This uniform policy, in violation of Maryland Law, has been applied to all members of the Subclass II, and has deprived them of overtime compensation.

77.     Defendants have acted willfully in violating Maryland Law.

**COUNT V**
VIOLATION OF THE MARYLAND WAGE HOUR LAWS
FAILURE TO PAY WAGES

78.     Plaintiffs repeat and re-allege the allegations set forth in each of the paragraphs above.

79.     Maryland law provides that all employees are entitled to payment of all of their wages for all of the hours they work for their employer.

80.     Maryland law provides that all employees are entitled to all of their compensation owed at the time of termination or within 5 days of termination.

16

81.     Defendants engaged in a pattern and practice of unilaterally ceasing to pay or reducing the pay of employees without notice, for work employees performed, with Defendants' knowledge, for Defendants' benefit.

82.     Defendants also failed to pay employees despite repeat guarantees and assurances of such pay, amounting to a pattern and practice of promising payment for hours worked, but never providing employees such compensation.

83.     Plaintiff Silver and the other members of Subclass III are victims of a uniform company-wide compensation policy. This uniform policy, in violation of Maryland Law, has been applied to all members of the Subclass III, and has deprived them of compensation.

84.     Defendants have acted willfully in violating Maryland Law.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

1.      Enter an order declaring that Defendants willfully violated the minimum wage and overtime provisions of the FLSA;

2.      Award Plaintiffs and those similarly situated the following in unpaid wages:

      a.  Unpaid minimum wage compensation due under the FLSA and Maryland Wage and Hour Law;

      b.  Unpaid overtime compensation due under the FLSA and Maryland Wage and Hour Law; and

      c.  Unpaid compensation for work performed for Defendants

3.      Award Plaintiffs liquidated damages equal to Plaintiffs' unpaid minimum wage and overtime compensation under the FLSA;

4.      Award Plaintiffs treble damages under Maryland Wage and Hour Law;

5.      Award Plaintiffs prejudgment interest;

6.      Award Plaintiffs post-judgment interest;

7.      Award Plaintiffs reasonable attorneys' fees as well as the costs of this action;

8.      Award all similarly situated employees who opt into this action, and all members of the state claim class action the same relief that Plaintiffs are awarded under the FLSA; and

9.      Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

<u>DEMAND FOR A TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

_____
Ken Gauvey, Esq. (28464)
Offit Kurman, P.A.
8171 Maple Lawn Blvd., Suite 200
Maple Lawn, MD  20759
(301) 575-0359 (phone)
(301) 575-0335 (facsimile)
kgauvey@offitkurman.com