# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

_____
                                    )
GAMAAL ROBINSON, SEAN               )
REYNOLDS, LAWRENCE SILVER,          )        Case No.:      09-cv-01603-WQ
LISA M. PUERINI, AND SEAN SPIES     )
On behalf of themselves and all others )
similarly situated,                 )        THIRD AMENDED COMPLAINT
                                    )
               Plaintiffs,          )
-against-                           )
                                    )
EMPIRE EQUITY GROUP, INC., 1st      )
METROPOLITAN MORTGAGE,              )
ROBIN ALCOCK, JOSEPH DAHLEEN,       )
KYLE KILPATRICK, PAM HAMRICK,       )
RICK PALLO, FRANCIS PHILLIPS,       )
DANIEL JACOBS, PATRICK              )
MCGEENEY, ROBERT CURRIER,           )
MICHAEL PARKER, WILLIAM             )
WARREN, DAVID TYRE, TERRY           )
MELAND, CARLY FULMER,               )
EZRA BEYMAN, HESTIA                 )
FINANCIAL, INC.                     )
                                    )
               Defendants.          )
_____    )

Plaintiffs, by their undersigned attorneys, hereby incorporate all allegations set forth in

their Second Amended Complaint and as and for their Third Amended Complaint, additionally

allege as follows:

NATURE OF ACTION

1.      This civil action is brought by the above-named individual plaintiffs who seek

redress on behalf of themselves and all others similarly situated for the Defendants' violations

of their rights under the Fair Labor Standards Act, 29 U.S.C. section 201, *et. seq*. as well as

Maryland state wage payment laws.  This action is brought as a nationwide collective action

Case 1:09-cv-01693-CCB   Document 109   Filed 08/23/11   Page 2 of 27

pursuant to 29 U.S.C. section 216(b), alleging violations of the Fair Labor Standards Act, and as a state law class action under Federal Rule of Civil Procedure 23(b)(3).

2.    Plaintiffs Robinson and Reynolds were employed by Defendants as Loan Officers with the responsibility of originating mortgage loans for private individuals. Plaintiffs Robinson and Reynolds were not paid for all hours worked, and were not paid overtime for hours worked in excess of 40 hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Laws.

3.    Plaintiff Silver was employed by Defendants as a Loan Officer and Operations Manager.  Plaintiff Silver was unilaterally and without notice subjected to reductions of pay and/or simply not paid for work performed by him for Defendants' benefit, and with Defendants' knowledge.  Plaintiffs are specifically aware that Defendants repeatedly failed in whole and/or part to compensate employees for work they had performed for Defendants' benefit and with Defendants' knowledge, and for certain business-related expenses.  Defendants had a pattern and practice of unilaterally ceasing and/or reducing compensation without notice and failing to pay all wages due and owing, while guaranteeing employees such compensation.

4.    Plaintiff Lisa M. Puerini was employed by Defendants as a Loan Processor with the responsibility of processing loans closed by Loan Officers working in her same branch office.  Plaintiff Lisa M. Puerini was not paid for all hours worked, and was not paid overtime for hours worked in excess of 40 hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA") and state Wage and Hour Laws.

5.    Plaintiff Robert Spies was employed by Defendants as a Branch Manager with the responsibility of originating mortgage loans for private individuals.  Plaintiff Robert Spies

was not paid for all hours worked, and was not paid overtime for hours worked in excess of 40 hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Laws.

JURISDICTION AND VENUE

6.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.  The Court has jurisdiction over the individual defendants because they are employers, within the meaning of that term provided for in the Fair Labor Standards Act, whose contacts with the State of Maryland are accordingly sufficient to assert personal jurisdiction. The Court also has jurisdiction over the individual defendants pursuant to Section 11-103 of the Maryland Courts and Judicial Proceedings Article because each of the individual defendants transacted business in the State of Maryland in their capacity as employers, within the meaning of that term provided for in the Fair Labor Standards Act.

7.      Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b) and (c).

PARTIES

8.      Plaintiff Gamaal Robinson ("Robinson") is an individual residing in the City of Columbia, County of Howard, and State of Maryland, who was employed by Defendants.

9.     Plaintiff Sean Reynolds ("Reynolds") is an individual residing in the City of Columbia, County of Howard, and State of Maryland, who was employed by Defendants.

10.    Plaintiff Lawrence Silver ("Silver") is an individual residing in the City of Columbia, County of Howard, and State of Maryland, who was employed by Defendants.

11.    Plaintiff Lisa M. Puerini ("Puerini") is an individual residing in the city of Fiskeville, and State of Rhode Island, who was employed by Defendants.

12.    Plaintiff Robert Spies ("Spies") is an individual residing in the city of Columbia, County of Howard, and State of Maryland who was employed by Defendants.

13.    The similarly situated individuals whom Plaintiffs seek to represent comprise a class of employees to whom Defendants knowingly and willfully failed to pay wages in accordance with applicable federal and state laws, as follows:

a)     The FLSA Class is comprised of all Loan Officers throughout the United States who were employed by Defendants at any time within three years prior to the commencement of this action, and who did not receive minimum wage, as defined by the FLSA, for each hour worked and/or did not receive overtime pay, as defined by the FLSA, for each hour worked in excess of 40 hours in any workweek.

b).    The Rule 23 Class is comprised of all Loan Officers and Loan Processors employed by Defendants in Maryland, Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan,

Case 1:09-cv-01693-CCB   Document 109   Filed 08/23/11   Page 5 of 27

> Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey,
> New Mexico, New York, North Carolina, Ohio, Oklahoma,
> Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee,
> Texas, Utah, Virginia, Washington, West Virginia, Wisconsin or
> Wyoming, who were employed at any time within three years prior to
> the commencement of this action, and who did not receive minimum
> wage and/or overtime as required by the state Wage and Hour Laws.

14.     Upon information and belief, at all times hereinafter mentioned, the defendant Empire Equity Group, Inc., was and still is a corporation incorporated in New Jersey with an office located at 25 Phillips Parkway, Montvale, NJ 07645 and which regularly does business in the State of Maryland.  Empire Equity Group, Inc.'s resident agent in Maryland is The Corporation Trust Incorporated, 300 E. Lombard St., Baltimore, MD 21202.

15.     Upon information and belief, at all times hereinafter mentioned, the defendant 1st Metropolitan Mortgage was and still is a domestic corporation existing under the laws of the State of North Carolina, which regularly does business in the State of Maryland and which is a wholly owned subsidiary of Empire Equity Group, Inc. with its principal office located at 4720 Piedmont Row Drive, Suite 200, Charlotte, NC 28210.

16.     Upon information and belief, at all times hereinafter mentioned, the defendant Hestia Financial, Inc. was and still is a domestic corporation existing under the laws of the State of Texas, which regularly does business in the State of Maryland, with its principal office located at 2626 Cole Avenue, Suite 200, Dallas, Texas 75204.

17.     Upon information and belief, the defendant Robin Alcock is an individual who resides within the United States and who is, or at times relevant was, Chief Executive Officer

of Brightgreen Home Loans, Inc.

18.     Upon information and belief, the defendant Terry Meland is an individual who resides within the United States and who is, or at times relevant was, President of Brightgreen Home Loans, Inc.

19.     Upon information and belief, the defendant Carly Fulmer is an individual who resides within the United States and who is, or at times relevant was, Director of Operations of Brightgreen Home Loans, Inc.

20.     Upon information and belief, the defendant Joseph Dahleen is an individual who resides within the United States and who is, or at times relevant was, Chief Strategy Officer and Executive Vice President of Brightgreen Home Loans, Inc.

21.     Upon information and belief, the defendant Kyle Kilpatrick is an individual who resides within the United States and who is, or at times relevant was, Executive Vice President of Brightgreen Home Loans, Inc.

22.     Upon information and belief, the defendant Patrick McGeeney is an individual who resides within the United States and who is, or at times relevant was, President, Chief Executive Officer, and Chairman of Hestia Financial, Inc.

23.     Upon information and belief, the defendant Robert Currier is an individual who resides within the United States and who is, or at times relevant was, Chief Financial Officer of Hestia Financial, Inc.

24.     Upon information and belief, the defendant Michael Parker is an individual who resides within the United States and who is, or at times relevant was, Chief Operating Officer of Hestia Financial, Inc.

25.     Upon information and belief, the defendant Daniel H. Jacobs is an individual

who resides within the United States and who is, or at times relevant was, Chief Executive Officer of Empire Equity Group, Inc.

26.     Upon information and belief, the defendant Rick Pallo is an individual who resides within the United States and who is, or at times relevant was, Chief Financial Officer of 1st Metropolitan Mortgage.

27.     Upon information and belief, the defendant William Warren is an individual who resides within the United States and who is, or at times relevant was, Chief Compliance Officer of 1st Metropolitan Mortgage.

28.     Upon information and belief, the defendant David Tyre is an individual who resides within the United State and who is, or at times relevant was, Finance Operations Controller of 1st Metropolitan Mortgage.

29.     Upon information and belief, the defendant Francis Phillips is an individual who resides within the United States and who is, or at times relevant was, Director of Business Development of Brightgreen Home Loans, Inc.

30.     Upon information and belief, the defendant Pam Hamrick is an individual who resides within the United States and who is, or at times relevant was, Vice President of Banking Operations of Brightgreen Home Loans, Inc.

31.     Upon information and belief, the defendant Daniel Jacobs is an individual who resides within the United States and who is, or at times relevant was, an owner of 1st Metropolitan Mortgage.

32.     Upon information and belief, the defendant Ezra Beyman is an individual who resides within the United States and who is, or at times relevant was, an owner of 1st Metropolitan Mortgage.

## NATURE OF ACTION

33.     This lawsuit arises out of Defendants' consistent practice of knowingly
and willfully refusing to pay employees minimum wage for all hours worked; of denying
employees overtime pay for all hours worked in excess of 40 hours each workweek; and of
unilaterally ceasing to compensate or reducing the compensation of employees without notice,
for work already performed for Defendants' benefit, and failure to pay guaranteed wages.

34.     Pursuant to the FLSA, Plaintiffs allege that they and those similarly situated are
(i) entitled to unpaid overtime wages from Defendants for work performed in excess of 40
hours each workweek; (ii) entitled to minimum wage for all hours worked each workweek but
not properly compensated; (iii) entitled to liquidated damages; and (iv) entitled to have all
costs of this action, including legal fees, paid by Defendants.

35.     Pursuant to the wage and hour laws of Maryland, Alabama, Alaska, Arizona,
Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida,
Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts,
Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New
Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South
Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia,
Wisconsin or Wyoming,  Plaintiffs allege that they and those similarly situated are (i) entitled
to unpaid overtime wages from Defendants for work performed in excess of 40 hours each
workweek; (ii) entitled to minimum wage for all hours worked each workweek; and (iii)
entitled to have all costs of this action, including legal fees, paid by Defendants.

36.     Pursuant to the Wage Payment Laws of Maryland, Alabama, Alaska,
Arizona, Arkansas, California, Colorado, Connecticut, Delaware, the District of

Case 1:09-cv-01693-WDQ Document 105-1 Filed 07/29/11 Page 9 of 27

Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana,

Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire,

New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode

Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West

Virginia, Wisconsin or Wyoming Plaintiffs allege that Defendants engaged in a pattern and

practice of unilaterally ceasing or reducing employees' compensation without notice although

such work was already performed by said employees for Defendants' benefit, with Defendants'

knowledge, and of not paying employees guaranteed wages.  Plaintiffs allege they are entitled to

all wages owed for work knowingly performed for Defendants' benefit, as well as attorneys'

fees and expenses.

<u>GENERAL ALLEGATIONS</u>

37.     At all times relevant, Robinson was a non-exempt employee of

Defendants, as defined in the FLSA.

38.     At all times relevant, Reynolds was a non-exempt employee of

Defendants, as defined in the FLSA.

39.     At all times relevant, Silver worked under the title of Loan Officer and/or

Operations Manager.

40.     At all times relevant, Puerini was a non-exempt employee of Defendants, as

defined in the FLSA.

41.     At all times relevant, Spies was a non-exempt employee of Defendants as

defined in the FLSA.

42.     At all times relevant, Empire Equity Group, Inc. was an employer, as defined in

the FLSA.

43.     At all times relevant, 1st Metropolitan Mortgage was a wholly owned subsidiary of Empire Equity Group, Inc. and an employer, as defined in the FLSA.

44.     Numerous Plaintiffs transitioned from Empire Equity Group, Inc., to Brightgreen Home Loans, Inc., which continued to subject these Plaintiffs to the same policies and practices as Empire Equity Group, Inc. complained of herein, at the direction of certain of the individual defendants.

45.     At all times relevant, Hestia Financial, Inc. was an employer, as defined in the FLSA. Hestia Financial, Inc. maintained shared operational control of Empire Equity Group, Inc., 1st Metropolitan Mortgage, and Brightgreen Home Loans, Inc. The actions of all corporate defendants were guided, in relevant part, by Hestia Financial, Inc., and those individual defendants associated with Hestia Financial, Inc. worked in concert with those individual defendants associated with other corporate entities to carry out the policies and procedures that violated the FLSA as alleged herein.

46.     At all times relevant, Daniel Jacobs was an employer, as defined in the FLSA. Jacobs has been an owner of 1st Metropolitan Mortgage, and exercised operational control over 1st Metropolitan Mortgage, devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint.  As such, at all relevant times, Jacobs has been an employer under the FLSA and each state's Wage and Hour Laws.

47.     At all times relevant, Ezra Beyman was an employer, as defined in the FLSA. Beyman has been an owner of 1st Metropolitan Mortgage, and exercised operational control over 1st Metropolitan Mortgage, devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in

this Third Amended Complaint. As such, at all relevant times, Beyman has been an employer under the FLSA and each state's Wage and Hour Laws.

48.     At all times relevant, Rick Pallo was an employer, as defined in the FLSA. Pallo has been Chief Financial Officer of 1st Metropolitan Mortgage, and exercised operational control over 1st Metropolitan Mortgage, devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint. As such, at all relevant times, Pallo has been an employer under the FLSA and each state's Wage and Hour Laws.

49.     At all times relevant, William Warren was an employer, as defined in the FLSA. Warren has been Chief Compliance Officer of 1st Metropolitan Mortgage, and exercised operational control over 1st Metropolitan Mortgage, devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint. As such, at all relevant times, Warren has been an employer under the FLSA and each state's Wage and Hour Laws.

50.     At all times relevant, David Tyre was an employer, as defined in the FLSA. Tyre has been Finance Operations Controller of 1st Metropolitan Mortgage, and exercised operational control over 1st Metropolitan Mortgage, devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint. As such, at all relevant times, Tyre has been an employer under the FLSA and each state's Wage and Hour Laws.

51.     At all times relevant, Robin Alcock was an employer, as defined in the FLSA. Alcock has been Chief Executive Officer of Brightgreen Home Loans, Inc., and exercised operational control over Brightgreen Home Loans, Inc., devising, directing, implementing, and

supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint. As such, at all relevant times, Alcock has been an employer under the FLSA and each state's Wage and Hour Laws.

52.    At all times relevant, Terry Meland was an employer, as defined in the FLSA. Meland has been President of Brightgreen Home Loans, Inc., and exercised operational control over Brightgreen Home Loans, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint. As such, at all relevant times, Meland has been an employer under the FLSA and each state's Wage and Hour Laws.

53.    At all times relevant, Carly Fulmer was an employer, as defined in the FLSA. Fulmer has been Director of Operations of Brightgreen Home Loans, Inc., and exercised operational control over Brightgreen Home Loans, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint. As such, at all relevant times, Fulmer has been an employer under the FLSA and each state's Wage and Hour Laws.

54.    At all times relevant, Joseph Dahleen was an employer, as defined in the FLSA. Dahleen has been Chief Strategy Officer and Executive Vice President of Brightgreen Home Loans, Inc., and exercised operational control over Brightgreen Home Loans, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint. As such, at all relevant times, Dahleen has been an employer under the FLSA and each state's Wage and Hour Laws.

55.    At all times relevant, Kyle Kilpatrick was an employer, as defined in the FLSA.

Kilpatrick has been Executive Vice President of Brightgreen Home Loans, Inc., and exercised operational control over Brightgreen Home Loans, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint.  As such, at all relevant times, Kilpatrick has been an employer under the FLSA and each state's Wage and Hour Laws.

56.     At all times relevant, Patrick McGeeney was an employer, as defined in the FLSA.  McGeeney has been President, Chief Executive Officer, and Chairman of Hestia Financial, Inc., and exercised operational control over Hestia Financial, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint.  As such, at all relevant times, McGeeney has been an employer under the FLSA and each state's Wage and Hour Laws.

57.     At all times relevant, Robert Currier was an employer, as defined in the FLSA. Currier has been Chief Financial Officer of Hestia Financial, Inc., and exercised operational control over Hestia Financial, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint.  As such, at all relevant times, Currier has been an employer under the FLSA and each state's Wage and Hour Laws.

58.     At all times relevant, Michael Parker was an employer, as defined in the FLSA. Parker has been Chief Operating Officer of Hestia Financial, Inc., and exercised operational control over Hestia Financial, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint.  As such, at all relevant times, Parker has been an employer

under the FLSA and each state's Wage and Hour Laws.

59.     At all times relevant, Francis Phillips was an employer, as defined in the FLSA. Phillips has been Director of Business Development of Brightgreen Home Loans, Inc., and exercised operational control over Brightgreen Home Loans, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint.  As such, at all relevant times, Philips has been an employer under the FLSA and each state's Wage and Hour Laws.

60.     At all times relevant, Pam Hamrick was an employer, as defined in the FLSA. Hamrick has been Vice President of Banking Operations of Brightgreen Home Loans, Inc., and exercised operational control over Brightgreen Home Loans, Inc., devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers and other employees challenged in this Third Amended Complaint.  As such, at all relevant times, Hamrick has been an employer under the FLSA and each state's Wage and Hour Laws.

61.     Defendants are engaged in the business of making mortgages as a direct lender and their business was engaged in interstate commerce as that term is used in the FLSA.

62.     Upon information and belief, and at all times relevant, the individual Defendants, each in their respective aforementioned capacities, controlled the day to day business activities of Brightgreen Home Loans, Inc., Hestia Financial, Inc., and 1st Metropolitan Mortgage, including controlling payroll, pay structures, and commission payments.

63.     During Robinson's and Reynolds' employment with Defendants, they were

employed as Loan Officers, with the primary duty of selling loans from Defendants' offices.

64.     During Silver's employment with Defendants, he worked both as a Loan Officer and Operations Manager.

65.     During Puerini's employment with Defendants, she worked as a Loan Processor, with the primary duty of processing loans sold by Defendants' Loan Officers. Puerini worked exclusively inside Defendants' offices.

66.     During Spies's employment with Defendants, he worked under the title of Branch Manager with the primary duty of selling loans from Defendants' offices.

67.     At all times relevant, Plaintiffs, in their capacity as employees of Defendants, were engaged in interstate commerce.

68.     Plaintiffs, and all persons similarly situated to Plaintiffs were, during the course of their employment with Defendants, engaged in interstate commerce.

69.     Defendants employed Plaintiff Robinson from on or about February of 2006 until February 4, 2008.

70.     Defendants employed Plaintiff Reynolds from on or about June of 2005 until on or about December of 2007.

71.     Defendants employed Plaintiff Silver from on or about February of 2004 until February 2008.

72.     Defendants employed Plaintiff Puerini from on or about May of 2004 until December of 2008.

73.     Defendants employed Plaintiff Spies from on or about September of 2001 until August of 2006 and again from April of 2007 until April of 2009.

74.     During the course of Plaintiffs' employment with Defendants, Plaintiffs

routinely worked in excess of 40 hours per week, yet were not paid overtime for hours worked in excess of 40 hours a week.

75. Defendants also failed to pay Plaintiffs Robinson, Reynolds, Puerini and Spies at least the minimum wage for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS OF THE
## FLSA CLASS OF LOAN OFFICERS

76. Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

77. Plaintiffs seek to maintain this suit as a collective action pursuant to 29 U.S.C. section 216(b) on behalf of themselves and the following class of persons: All persons who worked for one or more of the Defendants as Loan Officers at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

78. Plaintiffs Robinson and Reynolds and other members of the FLSA Class are similarly situated because, *inter alia*, they have all had similar duties; performed similar tasks; been entitled under the FLSA to be paid minimum wage and overtime wages unless properly exempted thereunder; been subjected to similar pay plans; been required to work and have worked in excess of 40 hours per week; been required to work without payment of minimum wages, and have not been paid at a rate of 1.5 times their respective regular rates of pay for all overtime hours worked.

79. Defendants encouraged, permitted, and required Plaintiffs Robinson and Reynolds and other members of the FLSA Class to work more 40 hours per week without overtime compensation and without minimum wage.

80.     Defendants knew that Plaintiffs Robinson and Reynolds and other members of the FLSA Class performed work that required minimum wage and overtime compensation. Nonetheless, Defendants operated under a scheme to deprive Plaintiffs and other members of the FLSA Class of overtime compensation and minimum wage by failing to properly compensate them for all time worked.

81.     Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

82.     Plaintiffs allege and incorporate by reference all the above allegations.

83.     Under the FLSA, Plaintiffs Robinson, Silver, Reynolds, Puerini and Spies were entitled to be paid at least the minimum wage by Defendants for each hour worked.

84.     Defendants did not pay Plaintiffs Robinson, Silver, Reynolds, Puerini and Spies the minimum wage for each hour worked.

85.     Defendants, by failing to pay Plaintiffs Robinson, Silver, Reynolds, Puerini and Spies the minimum wage for each hour worked, violated the FLSA.

86.     Defendants' violation of the FLSA for failure to pay the minimum wage was willful.

87.     Upon information and belief, Defendants' practice of not paying the minimum wage was not approved in writing by the United States Department of Labor.

88.     Upon information and belief, Defendants' practices of not paying the minimum wage was not based upon Defendants' review of any policy or publication of the United States Department of Labor.

89.     Due to Defendants' violation of the FLSA, the Plaintiffs Robinson, Silver,

Reynolds, Puerini and Spies are entitled to recover from Defendants their unpaid

compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action,

pursuant to 29 U.S.C. section 216(b).

90.     All those current or former employees of Defendants who are similarly

situated to Plaintiffs Silver, Robinson, Reynolds, Puerini and Spies are entitled to the same

relief that Plaintiffs seek under the FLSA.

COUNT II
FAILURE TO PAY OVERTIME UNDER THE FLSA

91.     Plaintiffs allege and incorporate by reference all the above allegations.

92.     Under the FLSA, Plaintiffs Robinson, Reynolds, Puerini and Spies were

entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40

hours each workweek.

93.     Defendants did not pay Plaintiffs Robinson, Reynolds, Puerini and Spies at the

overtime rate for each hour worked in excess of 40 hours each workweek.

94.     Defendants, by failing to pay Plaintiffs Robinson, Reynolds, Puerini and Spies

at the overtime rate for each hour worked in excess of 40 hours each workweek, violated the

FLSA.

95.     Defendants' violation of the FLSA for failure to pay its employees at the

overtime rate for each hour worked in excess of 40 each workweek was willful.

96.     Upon information and belief, Defendants' practice of not paying overtime

wages was not approved in writing by the United States Department of Labor.

97.     Upon information and belief, Defendants' practices of not paying overtime was

not based upon Defendants' review of any policy or publication of the United States

Department of Labor.

98.     Due to Defendants' violation of the FLSA, Plaintiffs Robinson, Reynolds, Puerini and Spies are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. section 216(b).

99.     All those current or former employees of Defendants who are similarly situated to Plaintiffs Robinson, Reynolds, Puerini and Spies are entitled to the same relief that Plaintiffs Robinson, Reynolds, Puerini and Spies seek under the FLSA.

## RULE 23 CLASS ALLEGATIONS PURSUANT TO STATE WAGE AND HOUR AND WAGE PAYMENT LAWS

100.     Plaintiffs also seek to maintain this action as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of themselves individually and on behalf of all other members of the Rule 23 Class who, during the relevant statute of limitations period, have worked for one or more of the Defendants in Maryland, Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin or Wyoming, and who have been aggrieved, with respect to the claims plead in Counts III through V of this Third Amended Complaint. Federal Rule of Civil Procedure 23(b)(3) provides that a cause of action may be maintained as a class action if:

a) The class is so numerous that joinder of all members whether otherwise required or permitted, is impracticable;

b) There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c) The claims or defenses of the representative parties are typical of the claims or defenses to the class;

d) The representative parties will fairly and adequately protect the interests of the class; and,

e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

<u>Class Definitions</u>

101.    Plaintiffs seek certification of a Rule 23 class consisting of all persons who have worked as Loan Officers or Loan Processors at any of the Defendants' offices located within the States of Maryland, Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin or Wyoming, at any time during the statutory period and who have not been paid overtime for all hours worked over 40 hours in a week,  or paid at least the minimum wage for each hour worked for Defendants.

Numerosity

102.    Plaintiffs satisfy the numerosity requirements as the proposed classes consist of thousands of class members.  The proposed classes can be identified and located using

Defendants' payroll and personnel records. Therefore, the classes are so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

Common Questions of Fact or Law

103. There are questions of fact and law common to each class that predominate over any questions affecting only individual members. The questions of law and fact common to the Rule 23 Class arising from Defendants' actions include, without limitation, the following:

> a) Whether the class members qualified for exempt status;
>
> b) Whether Loan Officers share similar job duties;
>
> c) Whether Defendants paid Loan Officers overtime;
>
> d) Whether Defendants paid Loan Officers minimum wage;
>
> e) Whether Defendants failed to pay Plaintiffs and class members all compensation due to them;
>
> f) Whether Plaintiffs regularly worked in excess of 40 hours per week;.
>
> g) Whether Defendants kept accurate records of actual Loan Officer time worked;
>
> i) Whether Defendants' failure to pay overtime has been willful.

104. The questions set forth above predominate over any questions affecting only individual persons and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

Typicality

105.     Plaintiffs' claims are typical of the claims of the class members.  Named

Plaintiffs suffered similar injuries as those suffered by other members of the respective

classes they seek to represent as a result of Defendants' illegal activities as described herein.


Adequacy

106.     Plaintiffs are adequate representatives of the classes they seek to represent

because they are members of such classes, and their interests do not conflict with the interests

of the members of the classes they seek to represent.  The interests of the class members will

be fairly and adequately protected by Plaintiffs and their designated counsel.  Plaintiffs have

hired competent attorneys who are experienced in class action litigation of this type and who

are committed to prosecuting this action.


Superiority

107.     A class action is superior to other available means for the fair and efficient

adjudication of this controversy because individual joinder of the parties is impracticable. Class

action treatment will allow a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently and without the

unnecessary duplication of effort and expense if these claims were brought individually.

Moreover, as the damages suffered by each class member may be relatively small, the expense

and burden of individual litigation would make it difficult for Plaintiffs to bring individual

claims.  The presentation of separate actions by individual class members could create a risk of

inconsistent and varying adjudications, establishincompatible standards of conduct for

Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

## COUNT III
### VIOLATION OF STATE WAGE AND HOUR LAWs
### FAILURE TO PAY MINIMUM WAGE

108.    Plaintiffs repeat and re-allege all the allegations set forth in each of the paragraphs above.

109.    The states of Maryland, Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin or Wyoming each have wage and hour laws requiring employers to pay employees at least a minimum wage.

110.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of each of the States' Wage and Hour Laws.

111.    Defendants willfully failed to pay members of the Rule 23 Class the applicable minimum hourly wage, in violation of state laws.  As a result of Defendants' unlawful practices, Plaintiffs and all those similarly situated suffered a loss of wages.

## COUNT IV
### VIOLATION OF THE STATE WAGE HOUR LAWS
### FAILURE TO PAY OVERTIME

112.    Plaintiffs repeat and re-allege the allegations set forth in each of the paragraphs above.

113.    The states of Maryland, Alabama, Alaska, Arizona, Arkansas, California,

Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Idaho, Illinois,

Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota,

Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North

Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota,

Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin or Wyoming each

have laws that provide that unless exempt, an employee must be paid overtime equal to 1.5

times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

114.    By the above-alleged conduct, Defendants failed to pay members of

overtime compensation as required state Wage and Hour laws.

115.    Plaintiffs and the other members of the Rule 23 Class were not exempt from the

overtime provisions of state wage and hour laws because they were performing the function of

inside sales, were not engaged in matters of independent judgment and discretion, and were not

engaged in supervisory functions, and/or have not otherwise met the requirements for any

exemptions.  Moreover, upon information and belief, Loan Officers were and are subject to

pay deductions by Defendants that defeat any claim to exemption.

116.    Plaintiffs and the other members of the Rule 23 Class are victims of a uniform

company-wide compensation policy.  This uniform policy, in violation of State Laws, has

been applied to all members of the Rule 23 Class and has deprived them of overtime

compensation.

117.    Defendants have acted willfully in violating state laws.

COUNT V
VIOLATION OF THE WAGE HOUR LAWS
FAILURE TO PAY WAGES

118.    Plaintiffs repeat and re-allege the allegations set forth in each of the paragraphs above.

119.    The states of Maryland, Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin or Wyoming have laws that provides that employees are entitled to payment of wages for all of the hours they work for their employer.

120.    State laws provides that all employees are entitled to all of their compensation owed.

121.    Defendants engaged in a pattern and practice of unilaterally ceasing to pay or reducing the pay of employees without notice, for work employees performed, with Defendants' knowledge, for Defendants' benefit.

122.    Defendants also failed to pay employees despite repeat guarantees and assurances of such pay, amounting to a pattern and practice of promising payment for hours worked, but never providing employees such compensation.

123.    Plaintiff Silver and the other members of the Rule 23 Class are victims of a uniform company-wide compensation policy.  This uniform policy, in violation of each of the States' laws, has been applied to all members of the Rule 23 Class, and has deprived them of compensation.

Case 1:09-cv-01603-WDQ   Document 109   Filed 08/23/11   Page 26 of 27

124.    Defendants have acted willfully in violating these State laws.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1.    Enter an order declaring that Defendants willfully violated the minimum wage and overtime provisions of the FLSA;

2.    Award Plaintiffs and those similarly situated the following in unpaid wages:

      a.  Unpaid minimum wage compensation due under the FLSA and State Wage and Hour Laws;

      b.  Unpaid overtime compensation due under the FLSA and State Wage and Hour Laws; and

      c.  Unpaid compensation for work performed for Defendants.

3.    Award Plaintiffs liquidated damages equal to Plaintiffs' unpaid minimum wage and overtime compensation under the FLSA;

4.    Award Plaintiffs liquidated damages under State Wage and Hour Laws;

5.    Award Plaintiffs prejudgment interest;

6.    Award Plaintiffs post-judgment interest;

7.    Award Plaintiffs reasonable attorneys' fees as well as the costs of this action;

8.    Award all similarly situated employees who opt into this action, and all members of the state claim class action the same relief that Plaintiffs are awarded under the FLSA; and

9.      Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

<u>DEMAND FOR A TRIAL BY JURY</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all issues raised by the Third Amended Complaint.

Respectfully submitted,


_____/s/Ari Karen_____
Ari Karen (Bar No. 13848)
Offit Kurman, P.A.
8171 Maple Lawn Boulevard
Suite 200
Maple Lawn, Maryland 20759
Tel:  301-575-0300
Fax:  301-575-0335
*Counsel for Plaintiffs*