**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<table>
<tr><td>CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812</td></tr>
</table>

February 11, 2013

LETTER TO COUNSEL

RE:     *Gamaal Robinson, et al. v. Empire Equity Group,* Inc., et al.
          Civil No. WDQ-09-1603

Dear Counsel:

I have reviewed Plaintiffs' Motion for Sanctions against Defendant Patrick McGeeney [ECF No. 179]. Mr. McGeeney's deadline to oppose the motion has passed, and no opposition was filed. Plaintiff alleges that Mr. McGeeney has failed to provide Plaintiffs with any discovery responses, despite Plaintiffs' good faith attempt to resolve the matter without Court involvement. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiffs' Motion is denied.

Mr. McGeeney, who is *pro se* in this action, filed an answer to the Third Amended Complaint on December 12, 2011. [ECF No. 141]. At that time, Mr. McGeeney listed his mailing address as: 2633 McKinney #130-242, Dallas, TX 75204 ("the McKinney address"). The docket shows no further filings by Mr. McGeeney. Almost a full year later, on November 2, 2012, Plaintiffs served discovery requests on Mr. McGeeney via first-class mail to the McKinney address. Pl.'s Mot. to Compel, Ex. 1. According to Plaintiffs, Mr. McGeeney failed to respond to these requests within thirty days, as required, and has not responded since. Pl.'s Mot. to Compel Paragraph 3. On November 29, 2012, Plaintiffs mailed a notice of deposition to Mr. McGeeney, again at the McKinney address. Pl.'s Mot. to Compel, Ex. 2. Mr. McGeeney failed to appear for his deposition. Pl.'s Mot. to Compel, Ex. 3. On January 7, 2013, Plaintiffs mailed a letter to Mr. McGenney, again at the McKinney address, regarding his non-compliance with his discovery obligations. Pl.'s Mot. to Compel, Ex. 4. Plaintiffs again received no response.

Plaintiffs' motion for sanctions fails because of their insufficient efforts to confer in good faith "with the party failing to act in an effort to obtain the answer or response without court involvement." Fed. R. Civ. P. 37(d)(1)(B). In this district,

The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues

*Gamaal Robinson v. Empire Equity Group*
Civil No. WDQ-09-1603
February 11, 2013
Page 2

requiring resolution by the Court.

Local Rule 104.7 (D. Md. 2011).  Plaintiff has failed to comply with Rule 37 and Local Rule 104.7, as he has not made a legitimate effort to resolve this dispute without court involvement. *See Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 585 (D. Md. 2010) (refusing to consider a motion to compel where the movant had not complied with Rule 37(a)(1) or Local Rule 104.7); *see also Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (holding that the movant failed to confer in good faith, despite filing a Certificate of Good Faith, because the movant had only sent one e-mail to the opposing party before filing its motion).  Sending a single letter, particularly in the absence of evidence to demonstrate the continued validity of the address, does not constitute a good faith effort to confer.

Plaintiffs have not shown, nor attempted to show, that direct contact with Mr. McGeeney was unfeasible.  While Mr. McGeeney, as a *pro se* litigant, has an obligation to maintain a valid mailing address with the Court, the docket includes other contact information for him, including a telephone number and another address at which he was served with the Complaint.  [ECF No. 135].  Plaintiffs have not alleged any efforts to use that information to fulfill the requirement to confer prior to filing the motion.  The lack of sufficient attempts to confer is especially significant where, as here, Plaintiffs' motion seeks case-dispositive sanctions.

For the reasons set forth above, Plaintiffs' Motion [ECF No. 179] is DENIED, without prejudice to refiling after comprehensive efforts to confer with Mr. McGeeney have been made.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc:  Judge Quarles