IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GAMAAL ROBINSON, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 1:9-CV-01603- WDQ |
| EMPIRE EQUITY GROUP, INC., *et al.* | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses two Motions for Default Judgment ("Motions") filed by Plaintiffs. The first is against Defendant Joseph Dahleen[1] and Defendant Hestia Financial, Inc. ("Defendant Hestia") (ECF No. 159) and the second is against Defendant Empire Equity Group, Inc. and Defendant 1st Metropolitan Mortgage ("Defendant Empire" and "Defendant 1st Metropolitan" respectively) (ECF No. 166). Defendants have not filed a response and the time for doing so has passed. *See* Loc. R. 105.2.a. On October 24, 2014, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me for a report and recommendation on Plaintiffs' Motions. (ECF No. 193). For the reasons set forth below, I respectfully recommend that Plaintiff's Motions for Default Judgment be DENIED, without prejudice, pending both (1) the conclusion of this action as to the non-defaulting Defendants and (2) clarification by Plaintiffs as to the specific amount of damages sought by each Plaintiff.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 18, 2009, Plaintiffs, individually and on behalf of all others similarly situated, commenced this action against Defendants Empire and 1st Metropolitan alleging various

---

[1] On May 10, 2012, Judge Quarles granted Plaintiffs' Voluntary Dismissal Without Prejudice of Defendant Joseph Dahleen thereby making his Motion for Default Moot. (ECF No. 168).

violations of the Fair Labor Standards Act ("FLSA") and Maryland state wage payment laws. (ECF No. 1 at ¶ 1). Defendants Empire and 1st Metropolitan filed an Answer on July 31, 2009. (ECF No. 12). Plaintiffs filed their First Amended Complaint on January 25, 2010, adding certain Plaintiffs and allegations in support of their collective action. (ECF No. 56). Defendants Empire and 1st Metropolitan filed an Answer to Plaintiffs' Amended Complaint on February 8, 2010. (ECF No. 59). The record reflects that settlement negotiations took place and that on September 1, 2010, with the consent of Defendants, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint claiming that the Settlement Agreement the parties had drafted required them to "negotiate a Second Amended Complaint for the purposes of effecting settlement." (ECF No. 88). On September 2, 2010 Plaintiffs filed their Second Amended Complaint (ECF No. 90), to which Defendants did not file an Answer. Plaintiffs filed their Settlement Agreement on September 3, 2010, which after a hearing before Judge Quarles was approved on January 14, 2011. (ECF No 97). Pursuant to that Order, the Court entered final judgment and dismissed the case with prejudice in accordance with the terms of the Settlement agreement and the Final Judgment Granting Approval of Class Action Settlement. (ECF No. 97).

After Defendants repudiated the Settlement Agreement by failing to pay the $2,700,000.00 they had agreed would resolve the claims, Plaintiffs filed a Motion to Reopen Case and Vacate Judgment which was granted on July 20, 2011. (ECF Nos. 101 & 104). Plaintiffs were also granted leave to amend their complaint. (ECF No. 108). On August 23, 2011 Plaintiffs filed their Third Amended Complaint[2] adding certain individual defendants and Defendant Hestia (ECF No. 109). Specifically, Plaintiffs allege that Defendants maintained

---

[2] That same day the Court granted an Order authorizing the withdrawal of counsel for Defendants Empire and 1st Metropolitan. (ECF No. 110).

shared operational control of other corporate defendants that allegedly worked in concert with individual defendants to carry out policies and procedures that violated the FLSA. (ECF No. 109 at ¶ 45). Only individual Defendants Ezra Beyman, Daniel Jacobs, Rick Pallo and Patrick McGeeney filed Answers to the Third Amended Complaint. (ECF Nos. 130, 140 & 141).

Service of process was affected on Defendant Hestia on January 19, 2012. (ECF Nos. 159-1 at ¶ 3), however it did not file an answer or responsive pleading within the requisite time period. Upon Plaintiffs' Motions for Entry of Default against Defendants, the Clerk entered judgment against Defendant Hestia in their favor on March 6, 2012. (ECF No. 157). Default was also entered against Defendants Empire and 1st Metropolitan on the grounds that they were aware that a Third Amended Summons and Complaint were properly filed, they failed to retain new legal counsel, participate in any status conferences or joint submissions of the parties and thus failed to plead or otherwise defend as directed and provided by Federal Rule of Civil Procedure 55. (ECF No. 165). Plaintiffs filed the instant Motions for Default Judgment on March 6, 2012 and April 9, 2012, seeking to recover from Defendants unspecified damages to be determined by the Court at a subsequent hearing. (ECF No. 159).

While those Motions were pending, Motions for Summary Judgment were filed on behalf of individual Defendants Beyman, Jacobs and Pallo[3]. (ECF Nos. 183 & 184). On November 24, 2014 the Motions for Summary Judgment were granted in part and denied in part. (ECF No. 194). Specifically, summary judgment as to Defendant Jacobs was denied for all FLSA claims that accrued after January 14, 2009 and for all claims under the Maryland Wage and Hour Law; as to Defendant Beyman summary judgment was denied for all claims under the Maryland Wage

---

[3] There is presently a Motion for Sanctions pending against the remaining individual Defendant McGeeney for failing to respond to discovery requests and appear for his deposition. (ECF No. 179).

and Hour Law.[4]  (ECF No. 195).  Accordingly, Defendants Beyman, Jacobs and McGeeney all remain active and non-defaulting defendants.

## II. LEGAL ANALYSIS

### A. Default Against Some But Not All Defendants

It is well established that "when an action is brought against several defendants, charging them with joint liability," judgment cannot be entered against a defendant "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Westfield Ins. Co. v. Site Maint., Inc.*, No. CIV. PWG-12-3145, 2013 WL 5164209, at *1 (D. Md. Sept. 11, 2013) (*quoting* 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2690 (3d ed.) (*citing Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *United States for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir.1967) (finding that the "procedure established for multiple defendants by Rule 54(b) [pertaining to judgments] is ... applicable not only to situations of joint liability but to those where the liability is joint and/or several")); *see also Arbor Care Tree Experts, Inc. v. Arbor Care Tree Experts & Outdoor Services, et al.,* No. CIV. ELH-10-1008, 2011 WL 219636, at *1-*2 (D. Md. Jan. 21, 2011).  In this case, Counts I – V are alleged against all named Defendants with no distinction.  (ECF No. 109 at ¶¶ 82-124).  As explained above, the liability of Defendants Beyman, Jacobs and McGeeney has not yet been adjudicated.  Accordingly, the Court cannot consider Plaintiffs' Motion for Default against Defendants Hestia, Empire and 1st Metropolitan.[5]  Therefore, at this time, I would recommend that Plaintiffs' Motions be DENIED and that Plaintiffs be permitted to renew their Motions at such time as the matter has been adjudicated with regard to the non-defaulting defendants.

---

[4] Summary Judgment was granted as to all claims against Defendant Pallo.  (ECF No. 195).

[5] It is also important to note that: Defendants Jacobs and Beyman are the alleged owners of Defendant 1st Metropolitan; Defendant McGeeney is the alleged President, CEO and Chairman of Defendant Hestia; Defendant 1st Metropolitan is the alleged wholly owned subsidiary of Defendant Empire; and Defendant Hestia allegedly maintained shared operational control of both Defendant Empire and 1st Metropolitan.  (ECF No. 109 at ¶¶ 43, 45, 46, 47 & 56).

## B. Damages

Secondarily, Plaintiffs' Motions and Third Amended Complaint fail to specify the amount of damages sought from Defendants. Plaintiffs' Third Amended Complaint merely requests that the Court award Plaintiffs and those similarly situated: (1) unpaid minimum wage compensation; (2) unpaid overtime compensation; (3) unpaid compensation for work performed; (4) liquidated damages; (5) prejudgment interest; (6) post-judgment interest; and (7) reasonable attorney's fees. (ECF No. 109 at 26-27). Plaintiffs' Motions simply restate the above and fail to provide any evidentiary support (i.e. affidavits, documents or calculations) for the damages claimed. (ECF Nos. 159 & 166). Rather, Plaintiffs' Motions request that judgment in "an amount to be determined by the Court at a subsequent hearing" be entered against Defendants. (ECF Nos. 159 at 2 & 166 at 2).

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." *Id.* Rule 55(b)(2) permits the court to conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." At this point, Plaintiffs have not even specified—in their Third Amended Complaint or their Motions— an amount sought, let alone any evidence or calculations in support thereof. *See Trustees of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. CIVA DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) (discussing plaintiff's obligation to provide a breakdown of monthly contributions, liquidated damages, and interest claimed in default judgment motion).

Plaintiffs must provide this information not only to assist the Court in entering any default judgment but also to provide the defaulting Defendants with notice of the damages

sought.  *See In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir.2000) (emphasizing that "[t]he rationale is that a default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount").  Accordingly, in advance of any hearing conducted by this Court to determine damages, Plaintiffs will be required to submit a comprehensive breakdown of the damages sought by each Plaintiff and supporting evidence.  Further, in light of the fact that Plaintiffs have also brought FLSA claims on behalf of "all others similarly situated" Plaintiffs are also advised to clarify which Plaintiffs (or claimants) are included in the defaults sought (and if more than the named plaintiffs, the basis for such request).  *See Lopez v. NTI, LLC*, No. CIV A DKC2008-1579, 2008 WL 5120542 (D. Md. Dec. 4, 2008).

Therefore, at this time, I would further recommended that upon renewal of their Motions Plaintiffs be instructed to identify a specific amount of damages sought and provide evidentiary support thereof in advance of any hearing.

### III. CONCLUSION

In sum, I recommend that:

The Court DENY Plaintiffs Motions for Default Judgment (ECF Nos. 159 & 166), without prejudice, pending both (1) the conclusion of this action as to the non-defaulting Defendants and (2) clarification by Plaintiffs as to the specific amount of damages sought by each Plaintiff.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the addresses listed on Plaintiff's Third Amended Complaint.  (ECF No. 109). Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant

to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


December 22, 2014                                             /s/
Date                                                     J. Mark Coulson
                                                         United States Magistrate Judge